# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID J. BRUZDA,                )
        Plaintiff,     )
                        )
     v.                        )   02: 07cv1592
                        )
HIGHMARK BLUE SHIELD,           )
                        )
        Defendant.     )

## MEMORANDUM ORDER

On November 7, 2007, Plaintiff filed a three-count Complaint against Defendant, Highmark Blue Shield, in the Court of Common Pleas of Allegheny County, Civil Division. Plaintiff alleges causes of action for breach of contract, violation of Pennsylvania Bad Faith insurance statute, 42 Pa. C.S.A. § 8371, and violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. § 201-2.

On November 21, 2007, the Defendant removed the lawsuit to federal court because the crux of Plaintiff's Complaint deals with the denial of health benefits under an employee benefit plan subject to the federal Employee Retirement Security Act of 1974, as amended ("ERISA"). On November 27, 2007, Defendant filed a Motion to Dismiss, with brief in support, in which it argued that the Complaint should be dismissed in its entirety under Rule 12(b)(6) because all of the causes of action are preempted by ERISA.

By Text Order dated November 29, 2007, the Court ordered Plaintiff to file a response to the motion on or before December 17, 2007. Plaintiff filed no response or brief in opposition.

On January 7, 2008, an Order to Show Cause was issued which instructed Plaintiff to show cause on or before January 18, 2008 why the Motion to Dismiss should not be granted for

Plaintiff's failure to timely respond to same. (Document No. 5).

Although the deadline for Plaintiff to file an opposition brief to the motion to dismiss and a response to the Show Cause Order has passed, Plaintiff has neither filed any kind of response to either the motion or the Show Cause Order, nor has he requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, our appellate court did not preclude dismissal based upon an unopposed motion <u>after adequate warning</u>.

In this case, on November 29, 2007, Plaintiff was ordered to file a response in opposition to the motion to dismiss on or before December 17, 2007. When he failed to respond, an Order to Show Cause was issued on January 7, 2008, which advised Plaintiff that if no response was filed on or before January 18, 2008, the motion to dismiss would be granted based on Plaintiff's failure to timely respond. The Court finds and rules that Plaintiff has been given adequate warning that the motion to dismiss would be granted if he did not file a timely response. Consequently, the Court will grant the unopposed motion to dismiss without a merits analysis. *Stackhouse,* 951 F.2d at 30.

Accordingly, this 25th day of January, 2008, it is hereby **ORDERED** that the unopposed Motion to Dismiss is **GRANTED.** The Clerk of Court is directed to close this case.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: George M. Kontos, Esquire
Swensen, Perer & Kontos
Email: gkontos@spkpowerlaw.com

Gerri L. Sperling, Esquire
Metz Lewis
Email: gsperling@metzlewis.com